IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TERRY M. KNOTTS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:06CV00412 |
| | ) | |
| DAVIE COUNTY INSPECTION, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND JUDGMENT

TILLEY, District Judge

This matter is currently before the Court on Defendant Davie County Inspection's ("Davie County") Motion to Dismiss Pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). For the reasons stated below, Davie County's Motion is GRANTED, and this case is DISMISSED.

I.

The facts alleged in the Complaint are as follows. The pro se plaintiff, Terry M. Knotts, was hired by Davie County as a Deputy Fire Marshall on October 8, 2001. On January 5, 2004, Mr. Knotts informed his supervisor that he needed knee surgery to repair significant knee injuries. Mr. Knotts returned to work following his surgery, but he was terminated from Davie County on February 17, 2004. Citing the Americans with Disabilities Act ("ADA"), Mr. Knotts claims that he was wrongfully discharged and discriminated against and that he was

constructively discharged because Davie County failed to make a reasonable accommodation for his disability. Mr. Knotts also asserts a claim under N.C. Gen. Stat. § 128-15.3, which prohibits discrimination against handicapped persons in hiring decisions. Mr. Knott's Complaint references a "right to sue granted to him by the EEOC." The Complaint states that "Davie County received a claim of Charge of Discrimination on April 6, 04" and further states that "the Notice of Rights to Sue was received on May, 26, 04."

Mr. Knotts filed a Complaint in the General Court of Justice, Superior Court Division in Stokes County, North Carolina on October 25, 2005. Davie County timely removed the action to this Court and filed the instant Motion to Dismiss.

II.

In order to assert an ADA claim in federal court, a plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). See 42 U.S.C. § 12117 (applying the administrative procedures of Title VII claims to ADA claims). The EEOC charge must be filed within 180 days of the alleged discrimination. 42 U.S.C. § 2000e-5(e)(1). After a charge is filed, the EEOC investigates the charge. See 42 U.S.C. § 2000e-5(b). If the EEOC does not find a violation of any federal law, the EEOC will issue a "right to sue letter" authorizing the plaintiff to file suit. After a putative plaintiff receives a right to sue letter from the EEOC, the party has 90 days to file suit. 42 U.S.C.2000e-5(f)(1). A court can dismiss a case pursuant to

2

Rule 12(b)(6) for failure to file in this 90-day period. See Banner v. Morris, Slip Copy, 2006 WL 2569080, at *1 (M.D.N.C. Aug. 30, 2006) ("Plaintiff's action is not timely, and the court must dismiss the case for failure to state a claim.")[1] Moreover, the Supreme Court has not relaxed these time lines for pro se plaintiffs. See id. at 150 n.4.

The Complaint indicates that Mr. Knotts may have filed a Charge of Discrimination with the EEOC on April 6, 2004, which would have been within 180 days of his termination from Davie County. The Complaint also indicates that Mr. Knotts received a Right to Sue letter on May 26, 2004. Mr. Knotts did not file his complaint in North Carolina state court until October 25, 2005, well in excess of the 90 days required by federal law and outlined in his Right to Sue letter. Mr. Knotts has failed to file this action in a timely manner. As such, Mr. Knotts' ADA claim is DISMISSED.

III.

Mr. Knotts has also asserted a claim under North Carolina state law. The federal claim in the case has been disposed of through dismissal, and the Court

---

[1] The Supreme Court has explained that equitable tolling of these filing requirements is applicable in the following circumstances: "(1) where a claimant or plaintiff receives inadequate notice of his right to sue; (2) where a request for appointment of counsel is before the Court; (3) where the Court led the plaintiff to believe he had satisfied all statutory requirements; and (4) where a defendant's affirmative misconduct induced the plaintiff not to act in the appropriate fashion." Hewlett v. Russo, 649 F. Supp. 457, 461 (E.D. Va. 1986) (citing Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984)). There is no assertion in the Complaint that any of these situations are applicable to this case.

3

declines to exercise jurisdiction over Mr. Knotts' state law claim. 28 U.S.C. § 1367(c)(3). Therefore, the remaining claim in the Complaint is REMANDED to the General Court of Justice, Superior Court Division in Stokes County.

This the day of January 29, 2007

                                                     /s/ N. Carlton Tilley, Jr.
                                                    United States District Judge

4

Case 1:06-cv-00412-NCT-PTS   Document 15   Filed 01/29/07   Page 4 of 4